UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA GARCIA,

    Plaintiff,

v.                                            CASE NO. 6:19-CV-2076-Orl-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# **ORDER**

      This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff contends the Administrative Law Judge's (ALJ's) decision that Plaintiff was disabled as of June 1, 2018, but not before, is not supported by substantial evidence. After considering the administrative record (doc. 16) and the parties' arguments contained in their joint memorandum (doc. 20), I agree with Plaintiff. I reverse the ALJ's decision and remand to the Commissioner for further administrative proceedings to establish Plaintiff's onset date.[1]

    A.    *Background*

      Plaintiff Maria Garcia alleges she became disabled on her 55th birthday, March 9, 2016, due to back problems, anxiety, depression, high blood pressure, and late onset type 1 diabetes. (R. 160) Plaintiff's date of last insured (DIB) is December 31, 2018; she must show she became disabled by this date to receive benefits. (R. 18)

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

Plaintiff grew up in Puerto Rico and dropped out of high school in the ninth grade. She eventually earned her GED and moved to Florida where she lives with her husband, who is retired, in Deltona. Her adult daughter lives nearby and helps with laundry and cooking. Plaintiff's work experience is as a toll booth operator, a theme park cashier, and a parts assembler. Plaintiff has her driver's license and drives to the grocery store and church; otherwise, she does not socialize with family or friends. She spends her days indoors, stretching her back and alternating between sitting, standing, and walking to alleviate her back pain.

After a hearing, the ALJ found that Plaintiff suffers from the severe impairments of "remote laminectomy; obesity; mild-to-moderate spondylosis/sciatica; degenerative changes to the right ring finger/arthritis. Beginning on the established onset date of disability, June 1, 2018, the claimant also had the following severe impairments: degenerative disc disease." (R. 19) The ALJ determined that Plaintiff was not disabled prior to June 1, 2018, because she retained the RFC to perform light work except "she was limited to frequently using her right upper extremity for handling, fingering, and the pushing and pulling of hand controls. She could occasionally balance, stoop kneel, crouch, crawl, and climb ramps and stairs. She could never climb ladders, ropes, or scaffolds." (R. 21) In an October 17, 2018 decision, the ALJ found that, with this RFC, Plaintiff could perform her past job as a toll booth operator prior to June 1, 2018. (R. 26) On that date, Plaintiff's RFC had deteriorated to sedentary, which prevented her from performing her past relevant work. As there were no other jobs Plaintiff could perform, she was disabled. (R. 26-27) Plaintiff appealed the ALJ's decision to the Appeals Council (AC), which denied review. (R. 2) Her administrative remedies exhausted, Plaintiff filed this action.

2

*B.     Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

  C.  *Discussion*

    1.  *ALJ's consideration of Plaintiff's onset date*

Plaintiff advances one argument: "Whether the ALJ's finding that Ms. Garcia's disability began on June 1, 2018 is supported by substantial evidence." (Doc. 20 at 11). At first glance, this is misleading, because Plaintiff does not dispute she was disabled on June 1, 2018. She contends instead that the evidence supporting the ALJ's disability finding as of that date also existed a year earlier, on August 8, 2017, and the ALJ ignored it. The Commissioner retorts that the ALJ's finding that Plaintiff was disabled as of June 1, 2018, is discrete from Plaintiff's circumstances before that date. According to the Commissioner, the relevant inquiry is whether substantial evidence supports the ALJ's finding that prior to June 1, 2018, Plaintiff was not disabled. In analyzing this question – the Commissioner argues – it is inappropriate to rely on the evidence supporting the disability finding as of June 1, 2018, to deduce she was disabled earlier. After

4

reviewing the ALJ's decision and the medical record, I agree with Plaintiff that the ALJ's decision regarding her onset date is not supported by substantial evidence.  I remand.

The ALJ determined at Step 4 of the sequential evaluation process that Plaintiff was not disabled prior to June 1, 2018, as she could return to her past work as a toll booth operator.  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Therefore, at all times relevant to Plaintiff's appeal, the burden was with Plaintiff.

"In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability."  SSR 83-20, 1983 WL 31249 (Titles II and XVI: Onset of Disability); *see Alomar v. Comm'r of Soc. Sec.*, Case No. 6:11-cv-1328-Orl-DAB, 2012 WL 3609854, at *3 (M.D. Fla. Aug. 22, 2012) (citing *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775-776 (11th Cir. 2010)).  The onset date is "the first day an individual is disabled as defined in the Act and the regulations," and "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence."  *Id*.

On August 8, 2017, Plaintiff had a lumbar spine MRI conducted by Amir Paydar, M.D. of Florida Hospital in Orange City.  The MRI revealed a shallow disc bulge at L2-3 resulting in minimal canal stenosis and minimal bilateral neural foraminal narrowing; a shallow disc bulge at L3-4 "with a superimposing right foraminal focal disc protrusion result in minimal canal stenosis and mild to moderate right neural foraminal narrowing"; and a shallow disc bulge at L5-S1 "with a superimposing left paracentral focal disc extrusion with slight inferior migration of the extruded disc material as well as facet arthropathy result in minimal canal stenosis as well as moderate left and minimal right neural foraminal narrowing." (R. 568-69)  Overall, Dr. Paydar's impression was

"[s]mall left paracentral focal disc extrusion at L5-S1 contributes to moderate left neural foraminal narrowing as well as possible impingement of the left S1 descending nerve root." (R. 569)

Plaintiff had another lumbar spine MRI on June 1, 2018, again administered by Dr. Paydar. (R. 514-15)  He used the August 2017 MRI as a comparator and made very similar findings. (R. 514)  He referenced the August 2017 MRI throughout his report, stating Plaintiff "again" showed the same results.  In the "Impressions" section of the MRI report, Dr. Paydar stated:

> Mild to moderate multilevel spondylosis is also again seen.  Notably, the left paracentral/foraminal focal disc extrusion at L5-S1 appears slightly less prominent, suggesting slight interval partial resolution.  Therefore, degree of left eccentric canal stenosis and proposed impingement of the left S1 descending nerve root may also be less pronounced when compared to the prior exam.  Otherwise, spondylotic changes are grossly unchanged throughout the lumbar spine.

(R. 515)

The ALJ chose June 1, 2018, as Plaintiff's onset date because (according to the ALJ) the MRI of that date showed the existence of disabling degenerative disc disease. (R. 25)  But the ALJ does not mention the August 2017 MRI with the same findings.  *See Mahon v. Comm'r of Soc. Sec.*, 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *7 (M.D. Fla. Aug. 7, 2017) (reversing ALJ's decision because onset date not supported by substantial evidence).  Standing alone, the ALJ's failure to refer to a specific piece of evidence is not error.  After all, as the Commissioner emphasizes, the ALJ does not have to refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection that is "not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  When considered in context, however, the ALJ's failure to mention the August 2017 MRI is determinative of Plaintiff's appeal.

6

During the hearing, the ALJ asked "what objective tests do I have before the MRI, that was in June, of this year [2018]?" (R. 44)  She continued, "[b]ecause the only X-ray – I have an X-ray back when there was a physical consultative examination in March 2016, but that showed just mild degenerative disc disease. . . . So if you have an MRI, or any other diagnostic test prior to June, 2018, then let me know." (R. 44)  Plaintiff's representative searched the medical records during the hearing for the August 2017 MRI but did not locate it before the hearing adjourned.  The ALJ agreed to accept a post-hearing letter summarizing Plaintiff's imaging to date related to her hands and back; Plaintiff submitted the letter (which pointed the ALJ to the record cite for her August 2017 MRI) soon after the hearing (R. 218-20), and the ALJ incorporated it into the record.

But the ALJ did not discuss the August 2017 MRI in her decision.  She summarizes Plaintiff's medical records chronologically, beginning with an April 23, 2014 hospital visit for headaches and chest pain. (R. 22)  She considered Plaintiff's May 2017 emergency room visit for back pain (R. 421-23) and June 2017 treatment notes following a three-day hospital admission for diabetes, dizziness, leukocytosis, and back pain. (R. 24, 425)  The ALJ also noted in May 2018, following bilateral facet joint injections, Plaintiff reported improvement to her pain. (R. 24, 487)  Nonetheless, the ALJ passes over Plaintiff's August 2017 MRI and jumps to her June 1, 2018 MRI. (R. 24, 25)  The ALJ found:

> The results of the recent magnetic resonance imaging (MRI) studies support a reduction in the claimant's residual functional capacity to sedentary.  Medical records showed that after the established onset date of June 1, 2018, the claimant experienced significant limitations in her ability to perform activities of daily living and engage in basic work activity.  This finding is supported by diagnostic testing and the examinations contained in the medical record.

(R. 25)

But there is nothing in the record suggesting the Plaintiff's condition worsened on June 1, 2018. The June 2018 MRI reiterated the findings of the August 2017 MRI, except that Plaintiff's condition seems to have actually improved slightly by June 2018. Although the ALJ states her finding is supporting by diagnostic testing and examinations, there are no records between August 2017 and June 2018 that support the finding that Plaintiff's condition had worsened. Under these circumstances, I cannot say that the ALJ's onset date is supported by substantial evidence. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order"); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (explaining that the courts' "function is to ensure that the [ALJ's] decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts," and reasoning that "[b]ecause the ALJ did not provide us with the information essential to such an evaluation, we reverse with instructions to the district court to remand for further findings at the administrative hearing level."). Plaintiff's argument warrants reversal.

*D.     Conclusion*

For the reasons stated above, it is ORDERED:

 (1) The Commissioner's decision is REVERSED and REMANDED for further consideration of Plaintiff's disability onset date; and

8

(2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on October 2, 2020.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

10